UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEDERMAN and JACK NESBITT,

Plaintiffs,

-v-

NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, ADRIAN BENEPE, CITY OF NEW YORK, and MICHAEL BLOOMBERG,

Defendants.

No. 10 Civ. 4800 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the parties' joint letter dated June 1, 2011, outlining a discovery dispute. Specifically, Defendants ask this Court to preclude Plaintiffs' planned depositions of Mayor Michael Bloomberg and former Deputy Mayor Edward Skyler, arguing that Mayor Bloomberg and Deputy Mayor Skyler lack unique personal knowledge about the basis for the Parks Department's promulgation of the regulations at issue in this action. For the following reasons, the Court deems Defendants' request as a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and grants Defendants' motion.

Under Rule 26(c), a "party or any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "Depositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 1998 WL

132810, at *2 (S.D.N.Y. March 23, 1998). Under the first prong, "courts only permit the deposition of a high ranking government official if he has *unique personal knowledge* that cannot be obtained elsewhere." *Id.* at *3 (emphasis added). The same principle applies to former high ranking governmental officials. *See Gil v. County of Suffolk*, No. 06 Civ. 1683 (LDW) (ARL), 2007 WL 2071701, at *2 (E.D.N.Y. July 13, 2007); *Bey v. City of New York*, No. 99 Civ. 3873 (LMM) (RLE), 2007 WL 1601507, at *2 (S.D.N.Y. June 4, 2007).

While Plaintiffs make a variety of allegations in the letter against both Mayor Bloomberg and former Deputy Mayor Skyler, Plaintiffs fail to demonstrate both that the desired deponents have personal knowledge of the events in question in this action and that any information they have cannot be obtained elsewhere, namely by deposing Parks Commissioner Adrian Benepe. Indeed, Plaintiffs' Complaint focuses on Commissioner Benepe as the driving force behind the Parks regulations at issue. (*See, e.g.,* Compl. ¶¶ 11, 18, 24.) Accordingly, IT IS HEREBY ORDERED THAT Defendants' motion for a protective order barring the deposition of Mayor Bloomberg and former Deputy Mayor Skyler is GRANTED.

SO ORDERED.

DATED: June 1, 2011
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE